YORK HOTEL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29365.   Promulgated November 11, 1929.

*Lawrence A. Baker, Esq.,* and *Henry Ravenel, Esq.,* for the petitioner.

*B. M. Coon, Esq.,* for the respondent.

OPINION. ·

MARQUETTE: In the case of *York Hotel Corporation*, 1 B. T. A. 672, the taxpayer, the petitioner herein, claimed that upon its organization on May 7, 1912, it acquired from its predecessor corporations, the York Co. and the Hotel York, good will of the actual cash value of $55,000, which it was entitled to include in invested capital for the year 1921. We held in that case that the evidence failed to show that the petitioner acquired from its predecessor corporations good will of any actual cash value.

In the instant proceeding the petitioner claims that it had on March 1, 1913, good will of the value of $55,000, which should be included in the basis for computing gain or loss on the sale of the assets in 1924. In support of this contention the petitioner introduced the record in *York Hotel Corporation, supra,* together with the testimony of three witnesses.

Upon consideration of the evidence presented we are unable to find that the petitioner had good will of any value on March 1, 1913. The testimony of two of the witnesses as to the value of the petitioner's good will is purely speculative, and is based on their ideas of what a hotel of the size and location of the hotel operated by the petitioner should earn per room, but they did not show that they had any knowledge of the actual conditions as to the capitalization, earnings and expenses of the petitioner. The other witness, Williams, testified that immediately after the settlement of the difficulties between him and Stokes the operations of the petitioner began to show a profit and that the profits increased each subsequent year.

However, he did not state the amount of the profits and the books of the petitioner are not before us. In any event the record discloses that with the possible exception of a period of a few months the York Hotel as operated by the petitioner and its predecessors was at all times prior to March 1, 1913, a losing venture. On the record we sustain the determination of the respondent.

*Judgment will be entered for the respondent.*